## J. G. Coggins v. J. J. Stockard.

Promissory Note. *Payments indorsed thereon. Erasure thereof. Case in judgment.*

S. sold land to C. and took his promissory note for the purchase-money. He also sold mules to C., and took his note for four hundred and fifty dollars therefor. C. collected as rent of the land forty bales of cotton, and turned the same over to S., who indorsed the amount of the proceeds as payments on the four hundred and fifty dollar note. Afterward S. and C. agreed to rescind the land trade, the former to retain the proceeds of the cotton he had received. Thereupon S. gave C. his land-note, and erased the indorsement of payments entered on the four hundred and fifty dollar note. *Held,* that C. had a right to erase such indorsement, and a judgment on such note for its value without crediting the payments so erased is correct.

Appeal from the Circuit Court of Clay County.

Hon. W. M. Rogers, Judge.

J. J. Stockard sold J. G. Coggins a plantation for ten thousand dollars, taking Coggins' promissory note for the purchase-money. He also sold Coggins certain mules and other property, taking his note for four hundred and fifty dollars therefor. Coggins delivered to Stockard at various times forty bales of cotton, the proceeds therefrom amounting at one time to two hundred and fifty dollars and at another to four hundred and fifty dollars and thirty cents. He also paid Stockard at one time one hundred and ten dollars in cash. These three amounts were indorsed on the four hundred and fifty dollar note as three separate payments. Though the amount of principal and interest due on this note exceeded four hundred and fifty dollars, it did not equal the sum of the payments. Afterward Coggins, desiring to rescind the land trade, agreed with Stockard that the forty bales of cotton which Stockard had received, the same having been received by Coggins for rent of the land while in possession, should go to Stockard in consideration for his rescinding the land trade, and thereupon Stockard cancelled the indorsements of the two payments on the four hundred and fifty dollar note for two hundred and fifty dollars and four hundred and fifty dollars and thirty cents respectively, which represented the

proceeds of the cotton received from Coggins. Coggins having refused to pay the four hundred and fifty dollar note, Stockard brought suit on it. On the trial this note was offered in evidence and objected to by the defendant, because two of the payments indorsed thereon were erased before the note was filed, and because the indorsements on the note show that it was paid.

The court admitted the note in evidence. The jury found for the plaintiff in a sum equal to the face of the note and interest less the one hundred and ten dollars cash indorsed as a payment on the note.

The court instructed the jury for the plaintiff as follows :

" 3. The court charges the jury that, although the jury may believe from the evidence that the note sued on has been paid, yet if the jury further believe from the evidence that defendant owed plaintiff anything for rent agreed to be paid for a certain plantation, then the jury will find for the plaintiff the amount of the rent they believe from the evidence to be so due."

The defendant appealed.

*Fred Beall,* for the appellant.

There was nothing in the pleadings to justify the third instruction for the plaintiff. Nothing was claimed in the declaration for rent. There was no account filed with the declaration for rent, nor was there any writing of any kind filed with the declaration showing that any rent was sued for or claimed by Stockard. I think this appeal may be safely rested on this point—the first error assigned. Sections 1540, 1541, Code 1880 ; § 1536, Code 1880 ; *Tuttle* v. *Bonner,* 53 Miss. 578 ; *McGoorck* v. *Whitefield,* 45 Miss. 452 ; *Fitch* v. *Asher,* 56 Miss. 571.

*White & Fox,* for the appellee.

It is evident from the testimony that if the payments made by Coggins, which are indorsed on the note sued on, should in law be applied to that note, then Coggins certainly owes Stockard the amount of that note for the rent of the plantation or as a balance due on the rent, because the evidence shows that he agreed to pay Stockard forty bales of cotton for the rent of the plantation, and that he also owed the amount of the note sued on, making his

total indebtedness forty bales of cotton plus the note sued on, and by his own admission he never paid Stockard but forty bales of cotton and one hundred and ten dollars in all. Evidently, if the note is paid the rent is not all paid. The third instruction for plaintiff could have worked no harm.

CAMPBELL, J., delivered the opinion of the court.

As it is indisputable that the appellant got the benefit of the means which procured the credit on the note in the subsequent contract he made with the appellee for a rescission of their land trade, it is impossible to conjecture on what theory of law or right he can deny the propriety of the erasure of these credits. There was an effectual obliteration of them in the very act of rescinding the sale of land on the terms agreed on. Manifestly, they were properly erased, and had there been no lines drawn across them a disclosure of the facts should have forced the just result reached. Any other would have been intolerable.

*Affirmed.*